UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KAM WONG and HUNG YIP MA,

                          Plaintiffs,

               - against -

MOUNT SINAI BETH ISRAEL HOSPITAL, CHARLES B.
WANG COMMUNITY HEALTH CENTER, ALLAN HO,
M.D., STEPHANIE CHEN, M.D., GREGORY JOHNSTON,
M.D. and TERRY ZHE LI, M.D.,

                          Defendants.
-----------------------------------------------------------------X

Case No:

Jury Trial Demanded

     Plaintiffs KAM WONG and HUNG YIP MA, by their attorneys GARY B. PILLERSDORF & ASSOCIATES, P.C., complaining of the Defendants, respectfully allege upon information and belief, as follows:

## THE PARTIES

1.    At all times mentioned herein, Plaintiff KAM WONG was, and still is, a resident of the County of Richmond, State of New York.

2.    At all times mentioned herein, Plaintiff HUNG YIP MA was, and still is, a resident of the County of Richmond, State of New York.

3.    At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL was, and still is a resident of the County of New York, State of New York.

4.    At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was, and still is, a resident of the County of New York and State of New York.

5.    At all times mentioned herein, Defendant ALLAN HO, M.D. was, and still is, a resident of the County of New York and State of New York.

6.    At all times mentioned herein, Defendant STEPHANIE CHEN, M.D. was, and still is, a resident of the County of New York and State of New York.

7. At all times mentioned herein, Defendant GREGORY JOHNSTON, M.D. was, and still is, a resident of the County of New York and State of New York.

8. At all times mentioned herein, Defendant TERRY ZHE LI, M.D. was, and still is, a resident of the County of New York and State of New York.

9. At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL was a domestic corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

10. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a domestic corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

11. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER is a Health Center Program Grantee under 42 U.S.C. 254b, and a deemed Public Health Service employee under 42 U.S.C. 233(g)–(n).

12. At all times mentioned herein, the principal place of business of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL was located in the State of New York, County of New York.

13. At all times mentioned herein, the principal place of business of Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was located in the State of New York, County of New York.

14. At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL was, and still is, the owner of a health-care facility known as MOUNT SINAI BETH ISRAEL HOSPITAL.

15. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was, and still is, the owner of a health-care facility known as CHARLES B. WANG COMMUNITY HEALTH CENTER.

16. At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL owned, operated, controlled, and managed a hospital pursuant to the laws of the State of New York for the care of the sick, known as MOUNT SINAI BETH ISRAEL HOSPITAL, located at First Avenue at 16th Street, New York, NY 10003, which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients, and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff KAM WONG, could be treated for various ailments.

17. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER owned, operated, controlled, and managed a medical clinic pursuant to the laws of the State of New York for the care of the sick, known as CHARLES B. WANG COMMUNITY HEALTH CENTER, located at 268 Canal Street, New York, NY 10013, which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients, and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff KAM WONG, could be treated for various ailments.

18. At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL was a partnership of physicians practicing medicine in the State of New York.

19. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a partnership of physicians practicing medicine in the State of New York.

20. At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL was a partnership of physicians duly organized and existing under, and by virtue of, the laws of the State of New York.

21. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a partnership of physicians duly organized and existing under, and by virtue of, the laws of the State of New York.

22. At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL was a medical professional corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

23. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a medical professional corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

24. At all times mentioned herein, Defendant ALLAN HO, M.D. was a physician duly licensed to practice medicine in the State of New York.

25. At all times mentioned herein, Defendant STEPHANIE CHEN, M.D. was a physician duly licensed to practice medicine in the State of New York.

26. At all times mentioned herein, Defendant GREGORY JOHNSTON, M.D. was a physician duly licensed to practice medicine in the State of New York.

27. At all times mentioned herein, Defendant TERRY ZHE LI, M.D. was a physician duly licensed to practice medicine in the State of New York.

## JURISDICTION AND VENUE

28. Jurisdiction in this case is based upon Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER being designated a Health Center Program Grantee under 42 U.S.C. 254b, and a deemed Public Health Service employee under 42 U.S.C. 233(g)–(n), that avails itself to being sued in a United States District Court; and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

29. Venue is based on 28 U.S.C. § 1391(a) given that a substantial part of the events giving rise to the claim occurred within this Jurisdictional District and Defendants are doing business within this Judicial District.

## AS AND FOR A FIRST CAUSE OF ACTION

30. At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL

4

HOSPITAL held itself out to be a medical provider offering professional services to the public in general, and to Plaintiff, in particular.

31. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER held itself out to be a medical provider offering professional services to the public in general, and to Plaintiff, in particular.

32. At all times mentioned herein, Defendant ALLAN HO, M.D. held himself out to be a physician offering professional services to the public in general, and to Plaintiff, in particular.

33. At all times mentioned herein, Defendant STEPHANIE CHEN, M.D. held herself out to be a physician offering professional services to the public in general, and to Plaintiff, in particular.

34. At all times mentioned herein, Defendant GREGORY JOHNSTON M.D., held himself out to be a physician offering professional services to the public in general, and to Plaintiff, in particular.

35. At all times mentioned herein, Defendant TERRY ZHE LI, M.D. held himself out to be a physician offering professional services to the public in general, and to Plaintiff, in particular.

36. At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL represented that it was competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff KAM WONG.

37. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER represented that it was competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff KAM WONG.

38. At all times mentioned herein, Defendant ALLAN HO, M.D. represented that he was competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff KAM WONG.

39. At all times mentioned herein, Defendant STEPHANIE CHEN, M.D. represented that she was competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff KAM WONG.

40. At all times mentioned herein, Defendant GREGORY JOHNSTON, M.D. represented that he was competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff KAM WONG.

41. At all times mentioned herein, Defendant TERRY ZHE LI, M.D. represented that he was competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff KAM WONG.

42. At all times mentioned herein, Defendants ALLAN HO, M.D., STEPHANIE CHEN, M.D., GREGORY JOHNSTON, M.D. and TERRY ZHE LI, M.D. were independent contractors of MOUNT SINAI BETH ISRAEL HOSPITAL.

43. At all times mentioned herein, Defendants ALLAN HO, M.D., STEPHANIE CHEN, M.D., GREGORY JOHNSTON, M.D. and TERRY ZHE LI, M.D. were shareholders in MOUNT SINAI BETH ISRAEL HOSPITAL.

44. At all times mentioned herein, Defendants ALLAN HO, M.D., STEPHANIE CHEN, M.D., GREGORY JOHNSTON, M.D. and TERRY ZHE LI, M.D. were employees of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

45. At all times mentioned herein, Defendants ALLAN HO, M.D., STEPHANIE CHEN, M.D., GREGORY JOHNSTON, M.D. and TERRY ZHE LI, M.D. were agents of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

46. At all times mentioned herein, Defendants ALLAN HO, M.D., STEPHANIE CHEN, M.D., GREGORY JOHNSTON, M.D. and TERRY ZHE LI, M.D were co-partners practicing as MOUNT SINAI BETH ISRAEL HOSPITAL, and as such stood in such a relationship with each other in their care and treatment of Plaintiff KAM WONG as to make each

liable for the acts and omissions of the others.

47. At all times mentioned herein, Defendants ALLAN HO, M.D., STEPHANIE CHEN, M.D., GREGORY JOHNSTON, M.D. and TERRY ZHE LI, M.D. stood in such a relationship with each other in their care and treatment of Plaintiff KAM WONG as to make Defendant MOUNT SINAI BETH ISRAEL HOSPITAL liable for the acts and omissions of these Defendants.

48. At all times mentioned herein, Defendant ALLAN HO, M.D. was an employee of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

49. At all times mentioned herein, Defendant STEPHANIE CHEN, M.D. was an employee of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

50. At all times mentioned herein, Defendant GREGORY JOHNSTON, M.D. was an employee of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

51. At all times mentioned herein, Defendant TERRY ZHE LI, M.D. was an employee of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

52. At all times mentioned herein, Defendant ALLAN HO, M.D. was an independent contractor of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

53. At all times mentioned herein, Defendant STEPHANIE CHEN, M.D. was an independent contractor of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

54. At all times mentioned herein, Defendant GREGORY JOHNSTON, M.D. was an independent contractor of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

55. At all times mentioned herein, Defendant TERRY ZHE LI, M.D. was an independent contractor of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

56. At all times mentioned herein, Defendant ALLAN HO, M.D. was an agent of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

57. At all times mentioned herein, Defendant STEPHANIE CHEN, M.D. was an

agent of Defendant, MOUNT SINAI BETH ISRAEL HOSPITAL.

58. At all times mentioned herein, Defendant GREGORY JOHNSTON, M.D. was an agent of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

59. At all times mentioned herein, Defendant TERRY ZHE LI, M.D. was an agent of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

60. At all times mentioned herein, Defendant ALLAN HO, M.D. was a licensee of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

61. At all times mentioned herein, Defendant STEPHANIE CHEN, M.D. was a licensee of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

62. At all times mentioned herein, Defendant GREGORY JOHNSTON, M.D. was a licensee of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

63. At all times mentioned herein, Defendant TERRY ZHE LI, M.D. was a licensee of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

64. At all times mentioned herein, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL and Defendants ALLAN HO, M.D., STEPHANIE CHEN, M.D., GREGORY JOHNSTON, M.D., TERRY ZHE LI, M.D stood in such a relationship with each other in their care and treatment of Plaintiff KAM WONG as to hold MOUNT SINAI BETH ISRAEL HOSPITAL liable for the acts and omissions of these Defendants.

65. At all times mentioned herein, Defendants ALLAN HO, M.D., STEPHANIE CHEN, M.D., GREGORY JOHNSTON, M.D., TERRY ZHE LI, M.D. stood in such a relationship with Defendant MOUNT SINAI BETH ISRAEL HOSPITAL in their care and treatment of Plaintiff KAM WONG as to make these Defendants liable for the acts and omissions of MOUNT SINAI BETH ISRAEL HOSPITAL.

66. At all times mentioned herein, Defendant ALLAN HO, M.D. was an employee of Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER.

67. At all times mentioned herein, Defendant ALLAN HO, M.D. was an independent contractor of Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER.

68. At all times mentioned herein, Defendant ALLAN HO, M.D. was a shareholder of Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER.

69. At all times mentioned herein, Defendant ALLAN HO, M.D. was an agent of Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER.

70. At all times mentioned herein, Defendant ALLAN HO, M.D. was a licensee of Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER.

71. At all times mentioned herein, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER and Defendant ALLAN HO, M.D. stood in such a relationship with each other in their care and treatment of Plaintiff KAM WONG as to hold CHARLES B. WANG COMMUNITY HEALTH CENTER liable for the acts and omissions of these Defendant ALLAN HO, M.D.

72. That on or about October 20, 2015, and at all times thereafter, Plaintiff KAM WONG sought the professional care of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL for medical treatment, including an oophorectomy, and this Defendant, its agents, servants and employees rendered medical care, diagnosis, treatment and services to plaintiff.

73. That on or about October 20, 2015, and at all times thereafter, Plaintiff KAM WONG sought the professional care of Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER for medical treatment, including an oophorectomy, and this Defendant, its agents, servants and employees rendered medical care, diagnosis, treatment and services to plaintiff.

74. That on or about October 20, 2015, and at all times thereafter, Plaintiff KAM WONG sought the professional care of Defendant ALLAN HO, M.D. for medical treatment,

including an oophorectomy, and this Defendant, its agents, servants and employees rendered medical care, diagnosis, treatment and services to plaintiff.

75. That on or about October 20, 2015, Defendant ALLAN HO, M.D. did perform an oophorectomy on Plaintiff, KAM WONG.

76. That on or about October 20, 2015, Defendant ALLAN HO, M.D. performed an oophorectomy on Plaintiff KAM WONG with the permission, consent, license, approval and/or assistance of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL.

77. That on or about October 20, 2015, Defendant ALLAN HO, M.D. performed an oophorectomy on Plaintiff KAM WONG with the permission, consent, license, approval and/or assistance of Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER.

78. That on or about October 20, 2015, during Plaintiff KAM WONG's oophorectomy procedure, Defendant ALLAN HO, M.D. negligently nicked Plaintiff's bowel.

79. That on or about October 20, 2015, during Plaintiff KAM WONG's oophorectomy procedure, Defendant ALLAN HO, M.D. negligently nicked Plaintiff's bowel and did not take adequate measures to properly repair the damage caused to Plaintiff KAM WONG's bowel.

80. That on or about October 20, 2015, during Plaintiff KAM WONG's oophorectomy procedure, Defendant ALLAN HO, M.D. negligently nicked Plaintiff's bowel and did not inform Defendant MOUNT SINAI BETH ISRAEL HOSPITAL, or its agents, staff, members, employees, and/or licensees, that he negligently nicked Plaintiff KAM WONG's bowel and failed to properly repair the subsequent damage.

81. That on or about October 20, 2015, during Plaintiff KAM WONG's oophorectomy procedure, Defendant ALLAN HO, M.D. negligently nicked Plaintiff's bowel and did not inform Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER, or its agents, staff, members, employees, and/or licensees, that he negligently nicked Plaintiff KAM WONG's bowel and failed to properly repair the subsequent damage.

82. That on or about October 20, 2015, during Plaintiff KAM WONG's oophorectomy procedure, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL, or its agents, staff, members, employees, and/or licensees, failed to properly repair the damage caused to KAM WONG's bowel.

83. That on or about October 20, 2015, during Plaintiff KAM WONG's oophorectomy procedure, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER, or its agents, staff, members, employees, and/or licensees, failed to properly repair the damage caused to KAM WONG's bowel.

84. The above medical care, diagnosis, treatment and services rendered to Plaintiff KAM WONG were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

85. By reason of the above, Plaintiff KAM WONG has sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

86. By reason of the above, Plaintiff KAM WONG has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

87. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

88. That on October 20, 2015, and at all times thereafter, Defendant ALLAN HO, M.D. failed to discover or diagnose Plaintiff KAM WONG's nicked bowel condition that occurred during the oophorectomy on October 20, 2015.

89. That on October 20, 2015, and at all times thereafter, Defendant MOUNT SINAI BETH ISRAEL HOSPITAL failed to discover or diagnose Plaintiff KAM WONG's nicked bowel condition that occurred during the oophorectomy on October 20, 2015.

90. That on October 20, 2015, and at all times thereafter, Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER failed to discover or diagnose Plaintiff KAM WONG's nicked bowel condition that occurred during the oophorectomy on October 20, 2015.

91. That on October 20, 2015, and at all times thereafter, Defendant STEPHANIE CHEN, M.D. failed to discover or diagnose Plaintiff KAM WONG's nicked bowel condition that occurred during the oophorectomy on October 20, 2015.

92. That on October 20, 2015, and at all times thereafter, Defendant GREGORY JOHNSTON, M.D. failed to discover or diagnose Plaintiff KAM WONG's nicked bowel condition that occurred during the oophorectomy on October 20, 2015.

93. That on October 20, 2015, and at all times thereafter, Defendant TERRY ZHE LI, M.D. failed to discover or diagnose Plaintiff KAM WONG's nicked bowel condition that occurred during the oophorectomy on October 20, 2015.

94. The above medical care, diagnosis, treatment and services rendered to Plaintiff KAM WONG were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

95. By reason of the above, Plaintiff KAM WONG has sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

96. By reason of the above, Plaintiff KAM WONG has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

97. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

98. That on or about October 21, 2015, and at all times thereafter, Plaintiff KAM WONG sought the professional care of Defendant MOUNT SINAI BETH ISRAEL HOSPITAL

for certain medical complaints, including abdominal pain, syncope, lightheadedness, and general sickness, from which she was suffering, and this Defendant, its agents, servants and employees rendered medical care, diagnosis, treatment and services to plaintiff.

99. That on or about October 21, 2015, and at all times thereafter, Plaintiff KAM WONG sought the professional care of Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER for certain medical complaints, including abdominal pain, syncope, lightheadedness, and general sickness, from which she was suffering, and this Defendant, its agents, servants and employees rendered medical care, diagnosis, treatment and services to plaintiff.

100. That on or about October 21, 2015, and at all times thereafter, Plaintiff KAM WONG sought the professional care of Defendant ALLAN HO, M.D. for certain medical complaints, including abdominal pain, syncope, lightheadedness, and general sickness, from which she was suffering, and this Defendant, its agents, servants and employees rendered medical care, diagnosis, treatment and services to plaintiff.

101. That on or about October 21, 2015, and at all times thereafter, Plaintiff KAM WONG sought the professional care of Defendant STEPHANIE CHEN, M.D. for certain medical complaints, including abdominal pain, syncope, lightheadedness, and general sickness, from which she was suffering, and this Defendant, its agents, servants and employees rendered medical care, diagnosis, treatment and services to plaintiff.

102. That on or about October 21, 2015, and at all times thereafter, Plaintiff KAM WONG sought the professional care of Defendant GREGORY JOHNSTON, M.D. for certain medical complaints, including abdominal pain, syncope, lightheadedness, and general sickness, from which she was suffering, and this Defendant, its agents, servants and employees rendered medical care, diagnosis, treatment and services to plaintiff.

103. That on or about October 21, 2015, and at all times thereafter, Plaintiff KAM

WONG sought the professional care of Defendant TERRY ZHE LI, M.D. for certain medical complaints, including abdominal pain, syncope, lightheadedness, and general sickness, from which she was suffering, and this Defendant, its agents, servants and employees rendered medical care, diagnosis, treatment and services to plaintiff.

104. On October 21, 2015, and at all times thereinafter, Defendants, their agents, servants and employees, failed to properly and timely diagnose Plaintiff KAM WONG of certain medical complications and conditions, which would have been diagnosed by reasonable medical practitioners in similar circumstances, in consequence of which, Defendants failed to render appropriate treatment, causing greater injuries and damages to Plaintiff.

105. On October 21, 2015, and at all times thereinafter, Defendants, their agents, servants and employees, failed to contact Plaintiff KAM WONG's gynecological surgeon, or any of his agents or employees, about the oophorectomy surgery that was performed on October 20, 2015, and any potential medical complications and conditions resulting therefrom, in consequence of which, Defendants failed to render appropriate treatment, causing greater injuries and damages to Plaintiff.

106. That unlike the Defendants in this matter, reasonable medical practitioners would have performed certain diagnostic testing and exams to provide a timely and proper diagnosis of Plaintiff KAM WONG.

107. The failure to diagnose alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

108. By reason of the above, Plaintiff KAM WONG has sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

109. By reason of the above, Plaintiff KAM WONG has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

110. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

111. Defendant MOUNT SINAI BETH ISRAEL HOSPITAL was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

112. Defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

113. By reason of the above, Plaintiff KAM WONG has sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

114. By reason of the above, Plaintiff KAM WONG has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION

115. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

116. Defendants, their agents, servants and employees, failed to inform Plaintiff of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by reasonable medical practitioners in similar circumstances, in consequence of which Defendants failed to obtain an informed consent thereto.

117. A reasonably prudent person in the position of Plaintiff KAM WONG would not have undergone the treatment and diagnosis rendered herein if she had been fully informed.

118. The lack of informed consent alleged herein is a proximate cause of the injuries,

conditions and disabilities for which recovery is sought.

119. By reason of the above, Plaintiff KAM WONG has sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

120. By reason of the above, Plaintiff KAM WONG has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION

121. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

122. That at all times hereinafter mentioned, Plaintiff HUNG YIP MA was the spouse of the Plaintiff KAM WONG and as such was entitled to the society, services and consortium of KAM WONG.

123. That by reason of the foregoing, Plaintiff HUNG YIP MA was deprived of the society, services and consortium of the Plaintiff KAM WONG and shall forever be deprived of said society, services and consortium.

124. That by reason of the foregoing, Plaintiff HUNG YIP MA was damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs demand judgment on all causes of action against the Defendants in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with the costs and disbursements of this action.

Yours, etc.

_____
Heidi L. Wickstrom (HW-8330)

                                             Gary B. Pillersdorf & Associates, P.C.
                                             Attorneys for the Plaintiffs
                                             KAM WONG and HUNG YIP MA
                                             225 Broadway, Suite 1000
                                             New York, NY 10007

## ATTORNEY CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

DATED:    NEW YORK, NEW YORK
          June 19, 2017

_____
Heidi L. Wickstrom
HW-8330